ELLIS, Judge:
We issued an order to show cause why this appeal should not be dismissed because our examination of the record revealed that the appeal bond was filed late. The last day for the filing of the appeal bond was August 22, 1977. The following affidavit appears in the record:
“BEFORE ME, the undersigned authority, personally came and appeared JANE COULLAR, Dy. Clerk of Court, in and for the aforesaid parish, who by her signature acknowledges receipt of a check from the law firm of ERVIN & WAG-UESPACK, P. 0. Box 3222, Baton Rouge, Louisiana in the amount of Five Hundred and no/100 ($500.00) Dollars, for which same has been made into a Cashier’s Check, to be used as the appeal bond required as Ordered in the proceeding entitled VERMEER SALES & SERVICE, INC., OF TEXAS VS. ELECTRICAL SALES & SERVICE, INC, NO. 53,-445.”
Appellant, in his brief, alleges that he mailed the check for the bond on August 17, 1977. An affidavit to that effect is attached to the brief. Also attached to the brief is the following affidavit:
“Before me, the undersigned authority, personally came and appeared, JANE COULLARD, Deputy Clerk of Court, who did deposed and said:
“That she did receive a check from Mr. R. J. Colongne, Jr. in an amount sufficient to cover the estimated cost of preparing the record for appeal and the $500.00 appeal bond ordered in the above captioned matter;
“That she was unaware at the time that there was any importance of dating the said bond the actual date received;
“That it is very possible and most probable that the said bond referred to in paragraph two above was received by her on behalf of the Clerk of the 16th Judicial District Court at least two days earlier than her affidavit to the Appellate Court indicates.”
Based on the foregoing, and the fact that another check, mailed to the court reporter on August 17, 1977, was negotiated on August 18, 1977, appellant claims that it is more likely than not that the check was received by the Clerk of the 16th Judicial District Court on or prior to August 22, 1977. He concludes that the bond was timely filed.
The record in this case shows the bond as having been filed too late. The affidavit of the deputy clerk of court tells us that it is possible that the bond was received timely. We think the matter can best be resolved only by an evidentiary hearing, at which the testimony of all parties involved can be taken, the procedures followed in the Clerk’s office can be reviewed and the relevant dockets and other documentary records can be properly introduced.
The matter is therefore remanded to the trial court, with instructions to hold an evi-dentiary hearing as outlined above, after which the testimony and exhibits shall be returned, with the record, to this court for a final determination of the question presented.
REMANDED WITH INSTRUCTIONS.