ELLIS, Judge:
On December 28, 1977, we remanded this case to the trial court to take evidence of the facts surrounding the filing of the appeal bond, which, on the face of the record, appeared to have been filed late. 356 So.2d 524 (La.App. 1st Cir. 1977).
The record shows that the appeal delays expired on August 22, 1977, and that the cash appeal bond was filed in the record on August 24, 1977.. In the evidence taken on remand it appears that the check for the bond was placed in the mail, properly addressed, on the evening of August 17, 1977. The deputy clerk who filed the cash bond in the record testified that it was probable that the check had been received prior to. August 24, 1977, but that it was not the practice of the clerk to stamp the date received either on checks or the covering letters received. She also stated that checks were taken to the bank when time permitted, and not necessarily on the day received. She was not aware that the date of filing of an appeal bond might be crucial to its validity.
We are aware that a presumption of correctness must attach to official documents filed in the record by court personnel. However, in this case, the appellant who timely presented a cash bond for filing would not be able to prove it, if the clerk followed the practices described by the deputy clerk and failed to file the check or deposit it when received.
Since appeals are favored in law, and since it is entirely possible, if not probable, that the procedures followed by the personnel of the clerk’s office caused the bond to be filed late, we think the interest of justice will best be served by permitting the appeal to stand.
The rule issued herein is therefore recalled.